IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV207-03-MU

| | |
|---|---|
| MARK ANTHONY BROWN, | ) |
| Petitioner, | ) |
| v. | ) **O R D E R** |
| SHERIFF MCDEVITT, | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 26, 2005. (Document No. 1.)

Plaintiff alleges that on June 20, 2003, he was physically assaulted by two prisoners, Timothy Wingo and Terry Atkins, at the Burke Catawba District Confinement Facility. Plaintiff alleges that a few weeks after the incident, Timothy Wingo apologized to him and told him that Defendant Sergeant Grady paid Wingo and Terry Atkins to assault him.

In his Complaint Plaintiff named seven defendants. Five of the seven are officials from the Burke Catawba District Confinement Facility in Morgantown, North Carolina. The last two, Timothy Wingo and Terry Atkins, were prisoners at the Burke Catawba District Confinement Facility.

Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order must be dismissed.

### I. ANALYSIS

**1. Defendants Wingo and Atkins Are Not State Actors**

A cause of action under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution of the United States by a person acting under color of state law. A defendant in a 1983 case must be a state actor. Defendants Timothy Wingo and Terry Atkins were fellow inmates of the Plaintiff but not state actors. Therefore, Defendants Wingo and Atkins must be dismissed. Plaintiff has not stated a claim for relief against these defendants under 42 U.S.C. § 1983.

**2. There are no factual allegations related to Defendants McDevitt, Metcalf, and Bryant**

Plaintiff has alleged two causes of action in his Complaint. First, he claims that the Defendants neglected their duties in which to run an orderly and safe facility thereby violating his Fourth, Fifth and Fourteenth Amendments. Next, he alleges that the defendants showed deliberate indifference and malice toward him by allowing and or participating in the confrontation between him and Defendants Wingo and Atkins in violation of his Fourth, Fifth and Fourteenth Amendments.

Plaintiff does not allege that Defendants McDevitt, Metcalf and Bryant were involved in or had knowledge of the assault against him by Defendants Wingo and Atkins. In fact, Defendants McDevitt, Metcalf and Bryant are never mentioned in Plaintiff' Complaint except in the caption. Because Plaintiff does not specifically allege that these defendants were in any way involved in the assault against him, or knew about the assault, by Defendants Wingo and Atkins, there is no valid cause of action against them and they are dismissed from the case.

**3. Plaintiff Has Not Stated A Claim for Relief Against Defendants Leonhardt and Grady**

With respect to Defendant Leonahardt, Plaintiff alleges that Defendant Grady ordered Defendant Leonhardt to place Plaintiff in cell block B-2 which was against Plaintiff's wishes. This is the only factual allegation in the Complaint that addresses Defendant Leonhardt. Placing a

prisoners in a cell block against his wishes, in and of itself, does not rise to the level of a constitutional violation. On the facts contained in the Complaint, Plaintiff has failed to state a claim for relief against Defendant Leonhardt.

With respect to Defendant Grady, Plaintiff has also failed to state a claim for relief. Although Plaintiff has made general allegations that his rights were violated under the Fourth, Fifth and Fourteenth Amendments, the only allegation in the Complaint that comes close to stating a constitutional violation is that Defendant Grady paid Defendants Wingo and Atkins to assault the Plaintiff. Thus, the Court assumes that, the prohibition imposed by the Cruel and Unusual Punishment Clause of the Eighth Amendment and applied to the states through the Due Process Clause of the Fifth Amendment is the broad constitutional right that Defendant Grady purportedly infringed. To be sure, a prison has some duty to protect prisoners from violence. The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a claim under § 1983 for failure to protect from violence, an inmate must show; (1) "serious or significant physical or emotional injury," De"Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); and (2) that the prison official has a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834.

Here, Plaintiff has not alleged any injury at all. There is no allegation that he was injured during the altercation with Defendants Wingo and Atkins. There is no claim that Plaintiff required any medical care or that was taken to the infirmary or hospital. In short, Plaintiff has failed to allege a serious physical injury resulting from Defendant Grady paying Defendants Wingo and Atkins to assault Plaintiff.

To the extend that Plaintiff is alleging an excessive force claim against Defendant Grady, this

claim must also fail.[1]  When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973).  In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimus injury.  Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994).  As this Court has already stated , Plaintiff's Complaint contains no allegation of any injury following his assault by Defendants Wingo and Atkins.  For this reason, Plaintiff has not stated an excessive force claim, or any other constitutional claim, in his Complaint.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

---

[1] Plaintiff has alleged violations of the Fourth, Fifth and Fourteenth Amendments in his Complaint.  It is unclear whether he is has already been convicted or whether he is a pretrial detainee, although the Court assumes he has been convicted.  The Court notes that protection against excessive force during arrest is provided by the Fourth Amendment.  Clearly Plainitff was not at the arrest stage when he was allegedly assaulted by Defendants Wingo and Atkins.  The Fourteenth Amendment provides protection for pretrial detainees and the Eighth Amendment provides protection after conviction.  However, the standards applicable to Eight Amendment excessive force claims apply with equal force to Fourteenth Amendment excessive force claims.  Valencia v. Wiggins, 981 F.2d 1440, 1446 (5th Cir. 1993).

**Signed: June 13, 2005**

Graham C. Mullen
Chief United States District Judge